UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAVID RICHARD TRIMBLE           :        DOCKET NO. 14-cv-876
    D.O.C. # 323225

VERSUS                          :        JUDGE TRIMBLE

N. BURL CAIN                    :        MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C §
2254, filed by David Richard Trimble ("petitioner") [doc. 1]. The petitioner is a prisoner in the
custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated
at the Louisiana State Penitentiary in Angola, Louisiana. N. Burl Cain, former warden, opposes
the application. Docs. 19, 21.

This matter is referred to the undersigned for review, report, and recommendation in
accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons
IT IS RECOMMEDED that the application be GRANTED IN PART and DENIED in part.

I.
BACKGROUND

A. Conviction

The petitioner was indicted in the Sixteenth Judicial District, Iberia Parish, Louisiana, on
March 10, 2006, on four counts of aggravated rape. Doc. 22, att. 1, pp. 40–47. The charges related
to rapes committed against four individuals who were then juveniles: R.L., A.B., C.C., and M.L.
*Id.* All of the rapes were committed over periods of years between January 1, 1974, and October

5, 2005. *Id.* The petitioner was tried by jury. On October 24, 2007, he was convicted of the charged offenses for all four counts. *Id.* at 163–70. He was thereafter sentenced to four consecutive terms of life imprisonment. Doc. 22, att. 3, pp. 133–36.

### B.  Direct Appeal

The petitioner filed an appeal in the Louisiana Third Circuit Court of Appeal, raising the following assignments of error through counsel:

1.  The evidence was insufficient to support the convictions on any count.
2.  The time limitation for initiating prosecution had lapsed.
3.  The trial court violated the petitioner's constitutional right to a jury.
4.  The sentences imposed by the trial court were cruel, unusual, and excessive, in violation of Article 1, § 20 of the Louisiana Constitution of 1974.

*State v. D.T.*, 998 So.2d 1258, 1262–63 (La. Ct. App. 3d Cir. 2008). He also raised the following assignments of error pro se:

1.  The trial court was without lawful jurisdiction, inasmuch as the prosecution was illegally instituted by an arrest warrant that was obtained contrary to law, and an indictment two months after arrest that was obtained by a factually prejudiced 1st District Attorney, Phillip J. Haney, and/or his office.
2.  The trial court erred in failing to recuse the District Attorney's office for actual conflict.
3.  The trial court erred in refusing to consider Appellant's numerous pro se motions prior to trial, which included objection made by Appellant to being prosecuted by Mr. Phillip J. Haney and/or his office in his motion for a change of venue, merely because he had been assigned an attorney; but which attorney refused to act in his behalf, communicate with him, investigate the case, or interview witnesses.
4.  The trial court erred in refusing to allow defense counsel to adequately question and cross-examine State's witnesses, preventing appellant from confronting his accusers and leading defensive counsel to verbally state during trial in the hearing of the jury: "I give up!"
5.  The trial court erred in failing to maintain defense counsel's timely objection and motion for declaration of a mistrial based on the improper statement made in the earing of the jury by the District Attorney in closing arguments, using appellant's failure to testify as evidence against him.

    6.  The Appellant was denied *Brady* materials in the possession of the District Attorney.

    7.  [The trial court erred in not insuring that the] Appellant's subpoenas for the production of his nine affiants and seven other family members and relatives with first-hand knowledge issue forth, resulting in his inability to present contradictory testimony in his own defense.

*Id.* at 1263. The Third Circuit also noted an error patent regarding the trial court's failure to sequester the jury. *Id.* at 1264.

The Third Circuit reviewed all claims on the merits. It determined that the evidence was insufficient to support the conviction for the charge relating to C.C. *Id.* at 1269–72. Accordingly, it amended the conviction to forcible rape and remanded it to the trial court for resentencing. *Id.* at 1281–82. As to the other assignments of error and error patent, it found no merit. *Id.* at 1264–82. The petitioner then sought review in the Louisiana Supreme Court, which denied same on November 25, 2009. *State v. Trimble*, 22 So.3d 171 (La. 2009). We can find no record that he sought review in the United States Supreme Court. *See* doc. 1, p. 6 (indicating that issues were raised, but failing to provide any outcome or citation).

### C.  State Collateral Review

The petitioner filed an application for post-conviction relief with the trial court on November 23, 2010. Doc. 1, att. 2, pp. 2–31. There he raised the following claims:

    1.  Ineffective assistance of counsel, based on trial counsel's:
        a.  Failure to perform proper pre-trial discovery, investigate, interview, and call witnesses, and present scientific evidence.
        b.  Failure to subject the case to meaningful adversarial testing.
        c.  Failure to prepare and present a proper defense.
        d.  Cumulative effect of errors.
    2.  Trial counsel and appellate counsel failed to argue that LA. CODE OF EVID. art. 412.2 is unconstitutional, as well as unconstitutionally misused at trial.
    3.  The cumulative errors involved in this case demonstrate a fundamentally unfair conviction in violation of the Fourteenth Amendment of the United States .

*Id.* He also filed a supplemental application, arguing that the mandatory life sentence for aggravated rape is unconstitutional and excessive. *Id.* at 32–36.

An evidentiary hearing was held in the trial court on March 8, 2012. Doc. 23, att. 5, pp. 76–103. The trial court determined that the unconstitutional/excessive sentence claim was not a basis for post-conviction relief pursuant to LA. CODE CRIM. P. art. 930.3. Doc. 1, att. 2, p. 49. It reviewed the remaining claims on the merits and denied relief. *Id.* at 38–50. The petitioner sought review in the Third Circuit, which affirmed the trial court's ruling. *Id.* at 86. He then sought review in the Louisiana Supreme Court, which denied same on January 27, 2014. *State ex rel. Trimble v. State*, 131 So.3d 53 (La. 2014).

### D.  Federal Habeas Petition

The instant petition was filed on April 24, 2014. Doc. 1. The petitioner raises the following claims for relief:

1. The evidence is insufficient to support any of the convictions of aggravated rape.
2. The time limit for prosecuting the case has lapsed.
3. The sentences are unconstitutionally excessive.
4. The trial court erred in refusing to allow defense counsel to adequately question and cross-examine state's witnesses, preventing the petitioner from confronting his accusers and leading defense counsel to verbally state during trial in the hearing of the jury, "I give up!"
5. Ineffective assistance of counsel, based on trial counsel's:
   a. Failure to perform proper pre-trial discovery, investigate, interview, and call witnesses, and present scientific evidence.
   b. Failure to subject the case to meaningful adversarial testing.
   c. Failure to prepare and present a proper defense.
   d. Cumulative effect of errors.
6. Counsel and appellate counsel failed to argue that LA. CODE OF EVID. art. 412.2 was unconstitutionally misused at trial.
7. The cumulative errors involved in this case demonstrate a fundamentally unfair conviction in violation of the Fourteenth Amendment of the United States

Doc. 1, att. 1, pp. 9–10.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

#### A.  *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the instant petition was filed.

#### B.  *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive

pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1.   *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[1] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456,

---

[1] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

471 (5th Cir. 1998). A writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner

has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

### III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

#### A. Timeliness

Here the petitioner's conviction became final on February 24, 2010, when his time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. R. 13. Accordingly, **272 days** accrued before his time limit was tolled by filing an application for post-conviction relief on November 23, 2010. The time limit remained tolled until the Louisiana Supreme Court's judgment on January 27, 2014, allowing an additional **87 days** to accrue before the instant petition was filed on April 24, 2014. Thus **359 days** have run against the petitioner's 365 day limit, making the instant petition timely.[2]

#### B. Exhaustion of State Court Remedies and Procedural Default

All of the claims raised herein appear to have been exhausted in the state courts. The respondent contends that the trial court determined that the cumulative error claim was "not properly raised in an application for post-conviction relief pursuant to Louisiana Code of Criminal Procedure Article 930.3," and that this claim is thus subject to procedural default. Doc. 21, att. 1,

---

[2] The respondent contends that the claims raised in the petitioner's direct appeal are untimely as he believes that the petitioner had one year from finalization of the conviction to file a habeas petition on those claims. The Supreme Court has indicated that timeliness is decided on a claim-by-claim basis. *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813 n. 6 and accompanying text (2005). However, the timeliness calculations under § 2244(d) specifically allow for tolling during an application for post-conviction relief, with no specification that only the claims in the application for post-conviction relief are tolled. Thus these claims are not time-barred, despite having been fully litigated in the petitioner's direct appeal.

p. 10. However, the trial court actually ruled on the merits for this claim. Doc. 1, att. 2, p. 48. It applied LA. C. CR. P. art. 930.3 to the unconstitutional/excessive sentence claim and the Third Circuit, as the last state court to render a judgment, affirmed same.

The respondent has waived a defense of procedural default against the excessive sentence claim by failing to raise it. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). Although a federal court is permitted to raise it *sua sponte*, it is not required to do so. *Id.* Here, because of the lack of notice to the petitioner based on respondent's mistake and the fact that this claim has already been briefed on the merits, we will not consider the procedural default of the sentencing claim. There is no basis for procedural default for any other claim.

### C.  *Substantive Analysis*

Having determined that all claims raised in the petition are properly before this court, we now review each under the standards enunciated above.

#### 1.  *Sufficiency of the evidence*

The petitioner first complains that the evidence was insufficient to sustain the remaining convictions of aggravated rape.

A defendant's constitutional right to due process is violated when he is convicted of a crime without the state having met its burden of proof on every element of the offense. *Jackson v. Virginia*, 99 S.Ct. 2781, 2787 (1979) (citing *In re Winship*, 90 S.Ct. 1068, 1073 (1970)). Such claims are decided by determining whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Donahue v. Cain*, 231 F.3d 1000, 1004 (5th Cir. 2000) (internal quotations omitted). Here the petitioner complains that the convictions were based entirely on the victims' testimony. He points to the state's failure to offer medical evidence on these decades-old

assaults, or to provide corroborating accounts from the individuals to whom the victims stated they had disclosed the abuse.

The petitioner was convicted of aggravated rape in violation of LA. REV. STAT. 14:42. Aggravated rape was defined in pertinent part as "where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim" under certain enumerated circumstances, including "[w]hen the victim is under the age of twelve years."[3] The ages of the victims are not in dispute. Instead, the petitioner contends that the evidence was insufficient due to the lack of physical evidence and credibility in the testimony of the victims.

In Louisiana, testimony of the victim alone is sufficient to establish the elements of a sexual offense. *State v. Schexnaider*, 852 So.2d 450, 457 (La. Ct. App. 3d Cir. 2003). Furthermore, "[t]he credibility of a witness, including the victim, is within the discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness." *Id.* (quoting *State v. Willis*, 915 So.2d 365, 378–79 (La. Ct. App. 3d Cir. 2005)) (internal quotations and alterations omitted).

We therefore review the victim testimony under each remaining aggravated rape conviction, in the order they were handled by the Third Circuit.

### a. M.L.

M.L. is the petitioner's niece. Doc. 22, att. 4, pp. 233–34. She testified that when she was eight or nine years old, the petitioner penetrated her digitally and with his penis. *Id.* at 234–39. She stated that the abuse occurred while her family was living with the petitioner, when her mother and brother were away from the house. *Id.* at 235–36.

---

[3] The statute has since been amended to rename the offense as "first degree rape" and raise the victim's maximum age to thirteen. *See* LA. REV. STAT. § 14:42(A); LA. ACTS 2006, No. 178, § 1; LA. ACTS 2015, No. 256, § 1.

### b.  A.B.

A.B. is also the petitioner's niece. Doc. 22, att. 3, p. 49. At trial she testified that the petitioner raped her repeatedly, beginning when she was five years old. *Id.* at 49–51. The abuse occurred when she visited her grandmother's house, where the petitioner also resided, on weekends. *Id.* She stated that the abuse continued until she was ten or eleven years old, with the petitioner forcing her to perform oral sex on him and penetrating her vagina digitally and with his penis. *Id.* at 50–51. She stated that other family members were in the house when the abuse occurred, but that the petitioner played loud music to cover the sound. *Id.* at 54. She also recalled how the petitioner would take R.L. into his room alone, and stated that she knew what was going to happen to her. *Id.*

### c.  R.L.

R.L. is A.B.'s sister. Doc. 22, att. 3, p. 60. She is also the petitioner's niece. *Id.* At trial she testified that the petitioner penetrated her anally, orally, and vaginally with his penis. *Id.* at 61–62. She recalled that the abuse occurred every weekend she visited her grandmother's house, when she was around eight years old. *Id.* at 62–63. She testified that other family members were in the house when the rapes occurred, but that the petitioner played music loudly or stuffed a handkerchief in her mouth to cover the screams. *Id.* at 63.

### d.  Summary of Evidence of Victims

The petitioner points to no inconsistencies in the testimony of any of the victims, nor does he provide any other basis for overturning the jury's finding of credibility with respect to them. Each victim's testimony supported that the petitioner had penetrated her with his penis when she was under twelve years of age. The lack of corroborating physical or medical evidence gives us

little pause due to the fact that all of the above convictions related to crimes that occurred decades ago and were only recently disclosed to law enforcement.

The lack of other witnesses to the rapes is also unpersuasive as the victims testified that the abuse occurred when other people were absent from the house or that the petitioner took measures to cover the sound. Accordingly, the victims' accounts alone were sufficient to support the convictions of aggravated rape.

The petitioner is therefore not entitled to federal habeas relief under this claim.

### 2.   *The time limit for prosecuting the case had lapsed*

The petitioner next alleges that the state failed to timely institute the prosecution against him. His argument here is that the courts violated the Louisiana Code of Criminal Procedure by applying the prescriptive period for capital offenses to his case, even though aggravated rape is no longer punishable by death. He alleges that this error violated his right to Due Process under the Constitution.

Correcting alleged errors of Louisiana law is not within the scope of this court's review, but the impact of a lengthy pre-indictment delay may be considered on constitutional grounds. *See United States v. Marion*, 92 S.Ct. 455 (1971). To obtain relief, the petitioner "must prove that (1) the prosecutor intentionally delayed the indictment to gain a tactical advantage, and (2) the [petitioner] incurred actual prejudice as a result of the delay." *United States v. Beszborn*, 21 F.3d 62, 65–66 (5th Cir. 1994).

Here the petitioner outlines the prejudice to his case but fails to make any showing of purposeful delay by the prosecution. Accordingly, he has not carried his burden and is not entitled to relief under this claim.

### 3.   *The sentences are unconstitutionally excessive*

Here the petitioner alleges that the life sentences he received for the aggravated rapes of A.B., M.L., and R.L. are excessive because the trial court usurped the role of the jury, denying him due process, by determining that all of the offenses occurred after 1977.

The Supreme Court has determined that any fact, other than a prior conviction, that authorizes the penalty for a crime beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 120 S.Ct. 2348, 2362–63 (2000). The Court also clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 124 S.Ct. 2531, 2537 (2004) (emphasis in original).

The imposition of a mandatory life sentence was predicated upon a finding that the offenses occurred in or after 1977. Prior to a 1977 amendment, the mandatory penalty (death) for aggravated rape was unconstitutional and the jurisprudence required a maximum penalty of twenty years at hard labor. *State v. Lee*, 340 So.2d 180, 183–84 (La. 1976).[4] The verdict sheets show that the jury considered three possible date ranges for the offenses against A.B. and only entered a single finding of "Guilty of Aggravated Rape." Doc. 22, att. 1, pp. 165–66. Given that the first and possibly the second date range took place before the 1977 amendment, it is not clear whether the jury found that the petitioner had committed any offense against A.B. after that time.[5] However, the petitioner's life imprisonment sentence for that conviction reflected an implicit finding by the court that the offenses were committed within a certain timeframe, elevating them beyond the maximum applicable if the court had found that the offenses occurred before 1977.

---

[4] *See* La. Acts 1977, § 343, *amending* La. Rev. Stat. § 14:42; *see also* Carney et al., *The Work of the Louisiana Legislature for the 1977 Regular Session: A Student Symposium*, 38 La. L. Rev. 51, 174 (1977).
[5] The verdict sheets for the other victims all reflect date ranges after the 1977 amendment and are thus sufficient to show that mandatory life imprisonment was the appropriate sentence. Doc. 22, att. 1, pp. 163–64, 167–70.

Accordingly, the petitioner is entitled to federal habeas relief in the form of resentencing for his conviction of aggravated rape against A.B. It is recommended that the case be remanded to the trial court for resentencing with respect to this claim.

### 4. *Trial court error in refusing to allow defense counsel to adequately cross-examine state's witnesses*

The Confrontation Clause of the Sixth Amendment grants criminal defendants the right to confront witnesses against them. U.S. CONST. amend. VI. Cross-examination is recognized as "a primary interest secured by" this right. *Davis v. Alaska*, 94 S.Ct. 1105, 1110 (1974). However, the right of confrontation "does not guarantee defendants cross-examination to whatever extent they desire." *Kittelson v. Dretke*, 426 F.3d 306, 319 (5th Cir. 2005). "[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues . . . or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 106 S.Ct. 1431, 1435 (1986). Confrontation Clause violations are also subject to harmless error analysis. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004). If the reviewing court determines beyond a reasonable doubt that the error was harmless, then the petitioner is not entitled to relief. *Van Arnsdall*, 106 S.Ct. at 1438.

Here the petitioner contends that the trial court violated his right to confront his accusers when it prevented the defense from asking them questions "that would expose the previous false accusations they had made against other family members and the previous abuses suffered by A.B. and R.L. at the hands of their mother . . . ." Doc. 1, att. 1, p. 23. He also alleges that the trial court's limitations led defense counsel to exclaim, "I give up!" in front of the jury. *Id.*

As the Third Circuit noted, the record shows no such exclamation. Defense counsel only cross-examined two of the victims, M.L. and C.C.[6] Doc. 22, att. 4, pp. 237–39 (M.L.); *id.* at 254–

---

[6] No attempt at cross-examination was made for either A.B. or R.L. *See* doc. 22, att. 3, pp. 58–59, 70.

60 (C.C.); doc. 22, att. 3, pp. 11–29 (C.C.). The only limitation came during the cross-examination of C.C. The defense asked whether C.C. had complained to her mother about any other men making sexual advances towards her. Doc. 22, att. 3, p. 21. The state objected on the grounds that the question violated La. Code of Evid. art. 412, which forbids questions about the victim's past sexual behavior in sexual assault cases. *Id.* at 21–22. The defense replied that the question was not intended to show whether C.C. had engaged in sexual behavior, but instead whether she had made accusations against others. *Id.* at 22–24. The court then sustained the objection. *Id.* at 24. No further objections or other interruptions occurred during that cross-examination. *See id.* at 24–29.

Even if the petitioner could show that Article 412 was applied in a manner that violated his constitutional rights, he does not allege any facts to support a finding of prejudice. He makes no showing of actual prior accusations by C.C. He also fails to show how the trial court barred him from cross-examining the other victims or putting on any evidence he desired relating to them. Accordingly, his claim fails the harmless error test and he is not entitled to federal habeas relief.

### 5. *Ineffective assistance of counsel*

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict.  *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect

of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

Here the petitioner claims that he was denied his constitutional right to counsel through three instances of deficient performance by his trial counsel, as well as the cumulative effect of all of these. We review each part of his claim under the standards set forth above.

### a.   Specific deficiencies

The first three parts of this claim are repetitive and so we review them together. The petitioner alleges that trial counsel failed to adequately investigate possible defenses in his case, namely by not performing adequate discovery, seeking "scientific" evidence, or seeking out additional witnesses or further investigating the state's witnesses. Doc. 1, att. 1, p. 25. He also asserts that trial counsel failed to "put the prosecution to its proof" and thus allowed the trial to center on the victims' testimony alone. *Id.* at 29. Lastly, he alleges that victim testimony was "coached, and manipulated by the prosecution," and that trial counsel did nothing to counter their testimony. *Id.* at 31.

The testimony from the evidentiary hearing refutes all of these claims. Doc. 23, att. 5, pp. 76–102. There trial counsel described the extensive discovery and preparation she engaged in. Upon being appointed, she accepted the existing discovery and then filed "quite a few" motions to expand upon it. *Id.* at 81. She pursued two lines of defense at the petitioner's request, relating to his own contention that he was suffering from erectile dysfunction during the time he was alleged to have raped C.C. and that all of the allegations were fabricated at the behest of R.L. and A.B. as part of a family dispute about a relative's care. *Id.* at 84–85, 97–98. She explained that her decision

not to cross-examine R.L. or A.B. was a matter of strategy, to prevent the state from eliciting further details of their abuse on redirect. *Id.* at 89–90. She also explained her approach in cross-examining C.C. and M.L. *Id.* at 90.

The petitioner fails to contradict any portion of trial counsel's testimony and instead relies on vague assertions of incompetence. Accordingly, the record reveals no deficiencies in trial counsel's performance under our deferential standard of review and the petitioner has not shown a basis for federal habeas relief.

### b.   Cumulative effect of errors

The petitioner also alleges that, even if the individual errors were not sufficiently prejudicial, their cumulative effect satisfies *Strickland*'s second prong and entitles him to relief. However, as shown above, petitioner fails to show any instance of deficient performance by his trial counsel. Accordingly, this part of the claim also fails.

### 6.   Failure of trial counsel and appellate counsel to argue that LA. CODE OF EVID. art. 412.2 was unconstitutionally misused at trial.

The petitioner raises another claim of ineffective assistance, based on the fact that neither trial counsel nor appellate counsel objected to the trial court's application of Article 412.2. That article provides:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

LA. CODE OF EVID. art. 412.2(A). It also provides that the state must, upon request of the accused, offer reasonable notice of its intent to offer such evidence under this article. *Id.* at 412.2(B).

In this case, the state provided notice on September 26, 2007, of its intent to introduce evidence that the petitioner had committed other bad acts involving sexually assaultive behavior and/or indicating a lustful disposition for children. Doc. 22, att. 1, pp. 130–32. This matter was heard by the trial court on October 10, 2007. *Id.* at 262–71; doc. 22, att. 4, pp. 11–34. There, after three witnesses were examined, the defense stipulated that it would not object to the admissibility of testimony that the petitioner had threatened his victims, given them drugs and alcohol, and spied on his victims while they bathed. Doc. 22, att. 4, pp. 22–23. However, it maintained its objections to testimony that the petitioner kept pornography in his room, that he had fondled another niece when she was twelve, and that he groped his sister when she was an adult. *Id.* at 23–24.

After hearing arguments from both sides, the court determined that testimony relating to possession of pornography and the petitioner's groping of his adult sister should be excluded. *Id.* at 29–30. It also ruled that testimony from the other niece, relating to being fondled by the petitioner at age twelve, was admissible. *Id.* at 30. The defense offered no objection to this ruling and appellate counsel failed to raise it on appeal.

The petitioner complains that Article 412.2 is unconstitutional because it "allows evidence of uncharged and unadjudicated crimes in order to show propensity . . . ." Doc. 1, att. 1, p. 34. However, this alleged due process violation is actually based on Article 412.2's use as an exception to LA. CODE OF EVID. art. 404(B). Article 404(B) provides that, "[e]xcept as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Thus, like its counterparts FED. R. EVID. 413 and 414, Article 412.2 is a specific exception to another rule of evidence. Louisiana courts and numerous federal circuits have upheld the constitutionality of these exceptions.[7] *State v.*

---

[7] See *Pursell v. Cain*, 2010 WL 1235912, *10–*12 (E.D. La. Feb. 11, 2010) for a more comprehensive challenge to and discussion of Article 412.2's constitutionality.

*E.J.F.*, 999 So.2d 224, 230–31 (La. Ct. App. 3d Cir. 2008); *State v. G.D.*, 2012 WL 5416988, *3– *4 (La. Ct. App. 3d Cir. Nov. 7, 2012) (collecting cases); *see also Burke v. Rudek*, 483 Fed. App'x 516, 518 (10th Cir. 2012) (unpublished); *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005). Accordingly, the petitioner shows no likelihood of success on such an objection and cannot satisfy the second prong of *Strickland*.

The petitioner also alleges that Article 412.2 was applied unconstitutionally in his case. He maintains that the trial court did not properly determine the admissibility of the evidence at the pretrial hearing and then failed to issue a limiting instruction to the jury. However, the record reveals otherwise.

In addition to conducting the pretrial hearing on 412.2 evidence, the court issued the following instruction at close of trial:

> The evidence that alleges that the defendant was involved in the commission of a crime, wrong, or act other than the offenses for which he is on trial are to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is whether it tends to show the defendant's lustful disposition toward young girls. Remember, the accused is on trial only for the offenses charged. You may not find him guilty of these offenses merely because he may have committed another offense.

Doc. 22, att. 3, p. 86. The petitioner fails to show how the instruction or the hearing did not comport with Article 412.2's requirements. Accordingly, this portion of the claim also offers no basis for federal habeas relief.

### 7. *The cumulative errors involved in this case demonstrate a fundamentally unfair conviction in violation of the Fourteenth Amendment of the United States.*

Lastly, the petitioner alleges that his right to a fair trial was tainted by the aggregate effect of all the errors alleged above. In each of these claims, we have found that either there was no error or that the petitioner failed to show resulting harm. Thus there is no basis for determining that the

aggregate effect impeded his constitutional rights and this claim offers no basis for federal habeas relief.

## IV.
### CONCLUSION

The petitioner has not shown that she is entitled to relief under any claim. Accordingly, **IT IS RECOMMENDED** that the instant application be **GRANTED** with respect to the sentencing claim and remanded to the state court for resentencing. The remainder of the instant petition should be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 29th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE